# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**BIMBO BAKERIES, INC.,**
**Employer Below, Petitioner**

**v.)  No. 25-ICA-237**            (JCN: 2024027221)

**ROY MARCUM,**
**Claimant Below, Respondent**

**FILED**
**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Bimbo Bakeries, Inc. ("Bimbo Bakeries") appeals the May 13, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Roy Marcum timely filed a response.[1] Bimbo Bakeries did not reply. The issue on appeal is whether the Board erred in reversing the claim administrator's orders that (1) rejected Mr. Marcum's workers' compensation claim, and (2) denied his request for a right knee MRI.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Marcum was seen by Jacob Short, PA-C, on September 1, 2024. Mr. Marcum reported right knee pain and swelling with instability. Mr. Marcum denied a direct injury. Upon examination, there was right knee pain with flexion and extension and mild pain to palpation to the posterior aspect of the knee. PA-C Short assessed right knee sprain and elevated blood pressure reading.

On September 6, 2024, an Employee Injury Report was completed by Bimbo Bakeries. The injured body part was listed as the right knee. The incident was described as "Roy was on the breadline and went to fix a tray jam coming down the line. As he went to take off toward the tray line to fix the jam, he felt a pull in the back of his right knee." The Employee Injury report stated that it was unknown whether Mr. Marcum had a preexisting condition or preexisting work-related injuries.

---

[1]Bimbo Bakeries is represented by Jane Ann Pancake, Esq., and Jeffrey B. Brannon, Esq. Mr. Marcum is represented by G. Patrick Jacobs, Esq.

The claim administrator issued an Acknowledgement of Incident dated September 10, 2024, which indicated that Bimbo Bakeries provided an incident report. Mr. Marcum was advised that the claim administrator had not received the required Employees' and Physicians' Report of Occupational Injury form. Also on September 10, 2024, Mr. Marcum was seen by Tessa Adkins, FNP, at Scott Orthopedic. FNP Adkins assessed acute pain of the right knee and internal derangement of the right knee. FNP Adkins recommended an MRI of the right knee to determine the next steps in treatment.

An undated email from Heather Dedrick, an employee at Bimbo Bakeries, states that Mr. Marcum felt a muscle strain on August 29, 2024. Ms. Dedrick stated that Mr. Marcum reported the injury the following day and advised that he did not want to seek medical treatment. Ms. Dedrick indicated that, upon being referred to a specialist, Mr. Marcum wanted the incident to be categorized as a work-related incident.

Mr. Marcum signed an Employees' and Physicians' Report of Occupational Injury form dated September 16, 2024, which stated that he injured his right knee on August 29, 2024, when he was going to fix a jam on the breadline and his right knee started to give out. FNP Adkins completed the physician's section of the form on September 18, 2024. FNP Adkins indicated that Mr. Marcum was fixing a jam on the breadline and something popped in his right knee. The body part injured was listed as the right knee.

On October 3, 2024, the claim administrator issued an order rejecting the claim on the basis that the evidence failed to establish that Mr. Marcum sustained an injury in the course of and resulting from his employment. By separate order, also dated October 3, 2024, the claim administrator denied authorization for the MRI of the right knee, on the basis that the claim was not compensable. Mr. Marcum protested both orders to the Board.

Mr. Marcum was seen by Bethany Cox, PA-C, at Scott Orthopedic on October 8, 2024. Mr. Marcum reported that his condition was worsening and stated that he had pressure on the top of his knee. PA-C Cox noted that the right knee MRI was not performed, because they were still waiting for authorization. PA-C Cox assessed acute pain of the right knee and internal derangement of the right knee.

On November 29, 2024, Mr. Marcum underwent an MRI of his right knee at St. Mary's Medical Center, which revealed no internal derangement of the right knee. The anterior and posterior cruciate ligaments were intact. There was degeneration of the body and posterior horn of the medial meniscus without a tear. The lateral meniscus was normal in signal and morphology. There was mild edema in the patellar tendon. Bone marrow signal was within normal limits, and there was no acute fracture or evidence of osteonecrosis.

By order dated January 14, 2025, the claim administrator rejected the January 10, 2025, request from Scott Orthopedic Center for an MRI of Mr. Marcum's right knee. The

claim administrator stated that this request was denied because the treatment requested is neither medically necessary nor reasonably required to treat the compensable conditions in the claim. Mr. Marcum protested this order to the Board.

On January 16, 2025, Mr. Marcum was deposed regarding his claim and testified that he was employed as a checker loader by Bimbo Bakeries, where his primary duty was loading bread and buns on the shipping dock. Mr. Marcum described the job as checking in bread and loading dollies in the dolly stackers. He stated that bread came down a conveyer at a fast pace. Mr. Marcum indicated that he performed his job duties on a concrete surface. Mr. Marcum stated that on August 29, 2025, between 2:00 p.m. and 3:00 p.m., there was a jam on the breadline, and the belt behind it was bringing more bread down, causing an overflow. Mr. Marcum testified that he was rushing to take the trays and stack them on dollies when he felt a pop in the back of his right knee and started hobbling. Mr. Marcum agreed that he had been constantly loading, lifting, pushing and pulling the trays during his entire shift. Further, Mr. Marcum stated that it took time to fix the jam because bread was coming over top the conveyors and sticking underneath the catwalk. Mr. Marcum testified that he did not have any medical issues with his right knee prior to August 29, 2024.

By order dated May 13, 2025, the Board reversed the claim administrator's order and held the claim compensable for a right knee sprain. Further, the Board reversed the claim administrator's order and authorized a right knee MRI, which was requested on September 26, 2024.[2] It is from this order that Bimbo Bakeries now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;

---

[2]The Board's order also affirmed a third order of the claim administrator, which denied the January 10, 2025, request from Scott Orthopedic for an additional right knee MRI. Bimbo Bakeries does not appeal this portion of the Board's order.

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Bimbo Bakeries argues that the preponderance of reliable evidence does not support a diagnosis of right knee sprain. Further, Bimbo Bakeries asserts that while Mr. Marcum may have experienced pain in his knee while working on August 29, 2024, he had symptoms prior to that date, and thus the knee condition did not result from his employment.[3] We disagree.

Three elements must coexist in workers' compensation cases to establish compensability: (1) a personal injury, (2) received in the course of employment, and (3) resulting from that employment. Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Here, the Board found that based upon the Employees' and Physicians' Report of Occupational Injury, the employer's report of injury, and the Scott Orthopedic medical records, Mr. Marcum was going to fix a jam on the breadline and something popped in his right knee. Although Bimbo Bakeries argues that Mr. Marcum had symptoms in his right knee prior to the work injury, the Board specifically found that Mr. Marcum did not have any problems with his right knee when he started work on August 29, 2024, and that Bimbo Bakeries did not introduce any evidence to the contrary. Based on the foregoing, the Board was not clearly wrong in reversing the claim administrator's order and holding the claim compensable for right knee sprain.

Turning to the issue of authorization for the right knee MRI, the claim administrator must provide a claimant with medically related and reasonably necessary treatment for the compensable injury. *See* W. Va. Code § 23-4-3 (2005) and W. Va. Code R. § 85-20-9 (2006). Here, the Board evaluated the evidence of record and found that the right knee MRI requested on September 26, 2024, is reasonable and necessary treatment for the compensable injury. We agree with the Board's conclusion.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Marcum established that he sustained a right knee sprain in the course of and resulting from

---

[3]Bimbo Bakeries argues that there is no evidence of record that Mr. Marcum was diagnosed with a right knee sprain. However, as noted in the Board's order, PA-C Short diagnosed Mr. Marcum with a right knee sprain on September 1, 2025. We note that Bimbo Bakeries did not submit the complete medical record from PA-C Short on appeal, which listed the diagnosis of right knee sprain.

his employment.[4] Further, the Board was not clearly wrong in finding that a right knee MRI, as requested on September 26, 2024, is reasonable and necessary treatment for the right knee sprain. As set forth by the SCAWV, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was wrong in holding the claim compensable for right knee sprain and authorizing the right knee MRI.

Accordingly, we affirm the Board's May 13, 2025, order.

Affirmed.

**ISSUED:** December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

[4] We also note that the facts in this case are similar to the facts in *City of Wheeling v. Melsop,* No. 24-ICA-379, 2025 WL 1249650 (W. Va. Ct. App. Apr. 29, 2025) (memorandum decision), in which this Court affirmed the Board's decision that reversed the claim administrator's order and held the claim compensable where the claimant was carrying a forty-pound tote as he was going up the stairs when his knee popped. The Supreme Court of Appeals of West Virginia affirmed this Court's decision in *City of Wheeling v. Melsop*, No. 25-382, 2025 WL 2962901 (W. Va. Oct. 21, 2025) (memorandum decision).